**John Michael PALUMBO,**
**Petitioner–Appellant,**

v.

**George ORTIZ, Warden, et al.,**
**Respondents–Appellees.**

No. 01–56914.

D.C. No. CV–01–0147–IEG(JAH).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2003.

Decided Jan. 16, 2004.

**4**

David J. Zugman, Law Offices of David J. Zugman, San Diego, CA, John Michael Palumbo, CSPLAC–California State Prison L.A. County (Lancaster), Lancaster, CA, for Petitioner–Appellant.

Kevin R. Vienna, AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondents–Appellees.

Before B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District Judge.*

MEMORANDUM**

I.

A jury convicted John Palumbo of murdering Darrell Hawkins, Jr. Over objection, the trial judge permitted members of Hawkins' family to wear badges with Hawkins' image in the courtroom, subject to certain restrictions. The California Court of Appeal held that allowing the family to wear the badges was harmless constitu-

tional error. The United States District Court for the Southern District of California denied Palumbo's petition for writ of habeas corpus. We granted a certificate of appealability to consider whether petitioner was denied a fair trial.

Under the habeas statute, as amended by the Anti–Terrorism and Effective Death Penalty Act, we may grant the petition only if the state proceeding resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Supreme Court has defined "contrary to" as applying a rule contradicting the Court's governing law, or reaching a result different from the Court on materially indistinguishable facts. *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002). The statute does not authorize us to grant the petition if a state court failed to cite Supreme Court precedent, or failed to apply a particular analysis. *Id.* at 8–9. The Supreme Court has defined "unreasonable application" as unreasonably applying the correct legal rule, unreasonably extending the correct legal principle, or refusing to extend the correct legal principle. *Williams v. Taylor*, 529 U.S. 362, 407, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To be unreasonable, the application of precedent must be more than incorrect or erroneous. *Id.* at 410–11.

After holding that the presence of the badges violated Palumbo's right to a fair trial, the California Court of Appeal reached two decisions. First, it held that Palumbo had to show actual prejudice.

---

* The Honorable Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Second, it found beyond a reasonable doubt that the error did not contribute to the verdict.

## II.

█ Because the Supreme Court has not ruled on whether actual prejudice must result from spectators wearing badges in the courtroom, the California Court of Appeal's decision can not be contrary to Supreme Court precedent. Nor was it an unreasonable application of precedent. The underlying question the Court of Appeal decided was whether an error was so grave that a fair trial was denied. The Supreme Court considered this question on different facts in *Holbrook v. Flynn,* 475 U.S. 560, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986), and *Arizona v. Fulminate,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). The California Court of Appeal did not cite either case, but its decision is not contrary to, or an unreasonable application of, either case.

Constitutional error may be either trial error, which can be harmless, or structural error, which cannot be harmless. *Fulminate,* 499 U.S. at 307, 309. Spectator conduct, such as wearing badges, does not fit neatly into either category. Spectator conduct cannot be cross-examined or rebutted, two hallmarks of trial error. *Id.* at 308. Yet, spectator conduct is not a "trial mechanism," as the Supreme Court defined structural defects. *Id.* at 310. Unlike the denial of counsel or a public trial, spectator misconduct does not always mean a defendant is denied a fair trial. *Holbrook,* 475 U.S. at 572 (holding that the presence of uniformed officers in the courtroom did not deny the defendant a fair trial). No matter how the California Court of Appeal decided the issue of actual prejudice, its decision could not have been contrary to, or an unreasonable application of, the *Fulminate* decision.

In *Holbrook,* the Supreme Court analyzed whether courtroom spectators created "an unacceptable risk of impermissible factors coming into play," which was inherently prejudicial. *Holbrook,* 475 U.S. at 570 (quotations and citations removed). We used the *Holbrook* test to decide that spectators wearing badges designed to send a message is inherently prejudicial. *Norris v. Risley,* 918 F.2d 828, 834 (9th Cir.1990). The California Court of Appeal was bound neither by our result, nor by our use of the *Holbrook* test. We cannot grant Palumbo's petition based on the Court of Appeal's divergence from *Norris.* 28 U.S.C. § 2254(d). This is not a direct appeal from a federal criminal conviction. Nor may we grant the petition based solely on the Court of Appeal's use of state precedent to determine that Palumbo had to show actual prejudice. *Early,* 537 U.S. at 8. At its core, the Court of Appeal's decision takes into account the factors *Holbrook* demands. The decision was not contrary to, or an unreasonable application of, the *Holbrook* decision.

## III.

█ Relying on *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the California Court of Appeal determined that allowing the spectators to wear badges was harmless beyond a reasonable doubt. Notwithstanding section 2254(d), we review a state court's decision that constitutional error was harmless under a different test when considering a petition for habeas corpus. We examine the whole record to determine whether the error, here allowing the spectators to wear the badges, "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Palumbo relied on the record in the California Court of Appeal. He did not request an evidentiary hearing. After a review of the record, we see no evidence of actual prejudice. The evidence is limited to the lawyer's pre-trial objection and a photograph of one of the badges. Even assuming that family members wore the badges during the trial, and that jurors saw them, there is no evidence of influence. Moreover, the evidence supporting Palumbo's conviction was overwhelming. Two co-conspirators testified against Palumbo. A jail house informant testified that Palumbo told him about the murder and sought his assistance to deter witnesses from testifying. Palumbo testified in his defense. The jury found him guilty.

The judgment of the District Court is AFFIRMED.

B. FLETCHER, Circuit Judge, dissenting.

I respectfully dissent. The Supreme Court has long recognized that certain practices or circumstances during a criminal trial are so inherently prejudicial that a defendant need not show actual prejudice to establish that his due process rights have been violated. *Holbrook v. Flynn,* 475 U.S. 560, 573, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986); *Estelle v. Williams,* 425 U.S. 501, 504, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Estes v. Texas,* 381 U.S. 532, 542, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). In those situations, the practices or circumstances create such a probability that prejudice will result that courts need not consider the actual effect they had on the proceedings. *Estes,* 381 U.S. at 542–43. The reasoning behind this principle was summed up by Justice Black nearly fifty years ago:

A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the *probability* of unfairness.... [T]o perform its high function in the best way justice must satisfy the appearance of justice.

*In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) (emphasis added, citation and internal quotation omitted). Even earlier, Chief Justice Taft had explained that:

the requirement of due process of law in judicial procedure is not satisfied by the argument that men of the highest honor and the greatest self-sacrifice could carry it on without danger of injustice. Every procedure which would offer a *possible* temptation to the average man ... to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process of law.

*Tumey v. Ohio,* 273 U.S. 510, 532, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (emphasis added). The Court has explained that, in resolving claims that circumstances were such as to prevent a fair trial, "[a]ll a federal court may do ... is look at the scene presented to jurors and determine whether what they saw was so inherently prejudicial as to pose an unacceptable threat to defendant's right to a fair trial." *Holbrook,* 475 U.S. at 572. In conducting such an inquiry, "courts must do the best they can to evaluate the likely effects of a particular procedure, based on reason, principle, and common human experience." *Estelle,* 425 U.S. at 504.

These precedents constitute law clearly established by the Supreme Court, and the decision of the California Court of Appeal in this case was an unreasonable application of that law. *See* 28 U.S.C. § 2254(d). The wearing of badges bearing the victim's

picture by relatives of the victim in front of the jury with the intent to influence the jury is inherently prejudicial. We had held similar circumstances not to require a showing of actual prejudice years before petitioner's trial. *Norris v. Risley*, 918 F.2d 828 (9th Cir.1990). In *Norris*, we found that the wearing of "Women Against Rape" buttons by members of the audience during the defendant's trial created an unacceptably high risk that his right to a fair trial had been compromised. *Id.* at 834. The same is true here. While the California court was not bound to follow our precedent, "[o]ur cases may be persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established.'" *Duchaime v. Ducharme*, 200 F.3d 597, 598 (9th Cir.2000) (citation omitted).[1]

While AEDPA requires us to give substantial deference to the decisions of state courts, it does not require us to abdicate our role as enforcers of basic constitutional norms. I would reverse the district court's judgment and remand with directions that the writ be granted, so Palumbo can receive what he did not get in the first instance: a trial free from impermissible and inherently prejudicial factors.

---

1. Needless to say, because the wearing of badges during petitioner's trial was inherently prejudicial, such conduct cannot be harmless. *See Arizona v. Fulminante*, 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (noting that "structural defects in the constitution of the trial mechanism" cannot be subjected to harmless error analysis).

